United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MONTES BROS. CONSTRUCTION, INC.,<br><br>Defendant.<br>_____/ | No. C-14-1324 EMC<br><br>**ORDER REGARDING SUPPLEMENTAL BRIEFING AND EVIDENCE**<br><br>**(Docket No. 17)** |

  Plaintiffs are Trustees of various employee benefits trust funds established under the Labor Management Relations Act and ERISA. The Trustees filed suit against Defendant Montes Bros. Construction, Inc., asserting claims for breach of contract, and demanding an audit. Specifically, the Trustees allege that Montes Bros. failed to pay its employer contributions as required under a "Laborers Master Agreement" that it signed. *See* Docket No. 1 at 3.

  Montes Bros. did not respond to the complaint, and on May 14, 2014, the Clerk of the Court entered a notice of default. Docket No. 16. Thereafter, the Trustees filed a motion for default judgment, which is currently pending before this Court. *See* Docket No. 17. The Court has considered the Trustees briefing and supporting documentation, and hereby orders that the Trustees provide supplemental briefing and evidence on the topics described below.

A. <u>Adequacy of Service of Process</u>

  On the state of the present record, the Court has concerns regarding the adequacy of service of process of the complaint. Montes Bros. is a corporation. *See* Docket No. 1 at 2. Federal Rule of

1  Civil Procedure 4(h) governs service of process on corporations. The Rule provides that a
2  corporation may be served pursuant to the law of the state where the district court is located, or
3  where service is made. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to service under Rule 4(e)(1),
4  which provides for service pursuant to state law). This Court is located in California, and that is also
5  the state where service was (apparently) made. Thus, California law provides the rule of decision
6  for determining whether service of process was legally effective.

7  Under California law, service of process on corporations is governed by the California Code
8  of Civil Procedure. Under Section 416.10 of the Code, a corporation may be served by delivering a
9  copy of the summons and complaint to "the president, chief executive officer, or other head of the
10 corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a
11 controller or chief financial officer, a general manager, or a person authorized by the corporation to
12 receive service of process." Cal. Code Civ. Proc. § 416.10(b).

13 Under Section 415.20 of the Code, a corporation may also be served by substituted service
14 instead of by personal delivery. The proof of service indicates that in this instance, Montes Bros.
15 attempted substitute service pursuant to Section 415.20(b). Section 415.20(b) provides:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

23 Cal. Code Civ. Proc. § 415.20(a) (emphasis added).

24 While substituted service is, as a general matter, an easier form of service compared to
25 personal delivery, it is not free of limitations. Personal service must first be attempted with
26 "reasonable diligence" before a party can resort to substituted service. California courts have held
27 that "[o]rdinarily, . . . two or three attempts at personal service at a proper place should fully satisfy
28 the requirement of reasonable diligence and allow substituted service to be made." *Bein v.*

*Brechtel–Jochim Group, Inc.*, 6 Cal. App. 4th 1387, 1390 (1992). Also, "[s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." *Id.* at 1393 (internal quotation marks omitted).

In the instant case, the Court is uncertain about the adequacy of service of process because there is no evidence that personal service was ever attempted prior to substituted service. The lone proof of service submitted by the Trustees indicates that the summons and complaint were left with a Norah Rivera. *See* Docket No. 10 (Proof of Service). There is no indication of any previous attempts to serve an authorized person at Montes Bros. And it is entirely unclear what relationship Norah Rivera has with Montes Bros., if any. She is simply described in the proof of service as "wife." *See id.* While the Supreme Court has recently extended certain elements of personhood to corporations, the Court thinks it unlikely that Ms. Rivera is lawfully married to Montes Bros. Whether she is married to an officer, owner, or relevant employee of Montes Bros. is unknown. Consequently, the Court lacks the necessary information from which to conclude that service upon Norah Rivera made it "more likely than not" that she would deliver process to an authorized agent of Montes Bros.

In light of this deficiency, the Court orders the Trustees to provide supplemental briefing and evidence describing their efforts to effect personal service on Montes Bros. before resorting to substitute service. The Trustees must also provide supplemental briefing and evidence regarding the relationship between Norah Rivera and Montes Bros., if any.

B.   Calculation of Damages

Plaintiffs have produced a supplemental declaration from Michelle Lauziere, the Accounts Receivable Manager for the Laborer Funds Administrative Office of Northern California. *See* Lauziere Decl. (Docket No. 20). Exhibit D to Ms. Lauziere's declaration summarizes the results of an audit of Montes Bros.' records along with Ms. Lauziere's calculations of all Trust Fund contributions due and owing. *See* Lauziere Decl., Ex. D. However, the Court cannot discern how Ms. Lauziere derived or determined the hourly contribution rates used in her audit report.

In Ms. Lauziere's report, the hourly contribution rate generally increases from $15.82 in the first half of 2011, to $16.91 in the second half of 2011 and first half of 2012, to $18.29 in the second

half of 2012.  *See id.*  For two of the employees, however, the rate for the first half of 2012 is $7.55.  The Court is currently uncertain how these different rates were calculated, or why the rates differ for two of the employees in the first half of 2012.

The Court therefore orders Plaintiffs to provide supplemental briefing and evidence explaining and supporting the hourly contribution rates used in Ms. Lauziere's audit report.

The Trustees supplemental brief and supporting evidence shall be filed no later than **Monday, October 20, 2014.**  The Trustees shall serve a copy of this order on Montes Bros. within three (3) days of the date of this Order.  The Trustees shall also serve a copy of their supplemental brief and evidence on Montes Bros. contemporaneously with its filing with the Court.

IT IS SO ORDERED.

Dated:  October 10, 2014

_____
EDWARD M. CHEN
United States District Judge

4